

# IN THE SUPERIOR COURT OF GUAM

TAMIO S. CLARK, in his Capacity as the Successor Administrator to the Estate of Masataka Maruyama,

          Plaintiff,

v.

TRICIA TORRES CANDOLETA and PATRICK CANDOLETA,

          Defendants.

_____

TRICA TORRES CANDOLETA and PATRICK CANDOLETA,

          Third-Party Plaintiffs,

v.

KEVIN J. FOWLER,

          Third-Party Defendant.

Civil Case no. CV0781-12

## DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 23, 2013. Plaintiff Tamio S. Clark [hereafter Plaintiff] in his capacity as Administrator of the Estate of Masataka Maruyama and Third-party Defendant Attorney Kevin J. Fowler [hereafter Defendant Fowler], were represented by Attorney David W. Dooley. Defendants Tricia Torres Candoleta and Patrick Candoleta [hereafter Defendants] were represented by Attorney Wayson W. S. Wong.

Before the court were: 1) Plaintiff and Defendant Fowler's August 7, 2012 motions to dismiss Defendants' counterclaim and third-party complaint, motion to consolidate, and motion to disregard Defendants' untimely opposition motion; and 2) Defendants' motions to dismiss Plaintiff and Defendant Fowler's motions to dismiss, motions in opposition to Plaintiff and Defendant Fowler's motions to dismiss, and motion in opposition to Plaintiff and Defendant Fowler's motion to consolidate.

The court, having carefully reviewed the file, considered the above motions and received and considered the parties' oral arguments, grants Plaintiff and Defendant Fowler's motion to dismiss Defendants' pleadings. In so doing the court finds that Defendants' pleadings allege matters which are protected by subsection 2105(b) of title 19 of the Guam code. Defendants' motion to dismiss Plaintiff and Defendant Fowler's motion to dismiss is denied. Plaintiff and Defendant Fowler's motion to consolidate is temporarily denied pending their submitting an amended motion to consolidate within 14 days of the date of this order.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on June 28, 2012. In his pleading Plaintiff asserts Defendants committed acts of fraudulent conveyance and conspiracy. On July 19, 2012 the Defendants filed a set of pleadings entitled, Defendants Tricia Torres Candoleta's and Patrick Candoleta's Answer to Complaint, Counterclaim and Third Party Complaint. Defendants' pleadings allege that Plaintiff as Administrator to the Estate of Masataka Maruyama and Defendant Fowler, attorney for the estate of Masataka Maruyama, have inappropriately obtained a judgment against the Defendants under Section 2355 of Title 15 of the Guam Code. Specifically Defendants' pleadings allege: count one, Plaintiff's fraud on the probate court for seeking the November 5, 2010 judgment; count two,

Plaintiff's ordinary fraud or negligent misrepresentation for seeking the same judgment; count three, Plaintiff and Defendant Fowler's conspiratorial conduct under counts one and two; and count four, punitive damages for the first three counts.[1]

## DISCUSSION

### I. Plaintiff's Motion to Dismiss

### A. Sections 17101--109 of Title 7 of the Guam Code

In applying the mandates of any statute a court must begin by examining its plain meaning. *Palomo v. Manglona*, 2012 Guam 18 ¶ 27, *Enriquez v. Smith*, 2012 Guam 15 ¶ 18 (In instances where a trial court is presented with any motion to dispose of a claim, even if pled alternatively, that raises the immunity from liability described in the CPGA, the trial court should first determine whether the claim actually falls within the scope of the CPGA). One of the most basic rules of statutory interpretation is that all of the words in a statute must be given their plain effect. *Ohio Valley Environmental Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 218 (4th Cir. 2009). Sections 17101--109 of Title 7 of the Guam Code are entitled Citizen Participation in Government Act. Its enabling language it provides,

> (1) the framers of the United States Constitution, recognizing citizen participation in government as an inalienable right essential to the survival of democracy, secured its protection through the right to petition the government for redress of grievances in the First Amendment to the U.S. Constitution;
> (2) the communications, information, opinions, reports, testimony, claims and arguments provided by citizens to their governments are essential to the making of wise government decisions and public policy;
> (3) civil lawsuits and counterclaims, often claiming millions of dollars, have been, and are being, filed against thousands of citizens, businesses and organizations based on their valid exercise of their right to petition . . . .

---

[1] Defendants' initial pleadings did not number or separate their pleading into specific counts. However in their paper in opposition to Plaintiff's motion to dismiss they argued their pleading could be separated into four counts.

7 G.C.A § 17102. This language on its face enables and limits. *Id.* It protects a citizen's right to communicate to his or her government about the actions of that government. *Id.* at 17102--104. Section 17104 clarifies this limit by excepting any communication that is, "not aimed at procuring any government or electoral action, result or outcome." Section 17103 also clarifies this limit by specifically defining the term government; "a branch, department, agency, instrumentality, official, employee, agent or other person acting under color of law of . . . , a Territory, or a subdivision of a . . . Territory, including municipalities and their boards, commissions, and departments, or other public authority, including the electorate."

In its motions to dismiss the Defendants' pleadings, Plaintiff and Defendant Fowler assert that their pleadings, which allege Defendants acted in a manner tortious to a lawful judgment, are protected by the Citizen Participation in Government Act. The threshold requirements of the act require that a citizen first assert that they are communicating with a government and second that they are communicating about the acts of that government. *Id.* A review of the moving papers reveals that Plaintiff and Defendant Fowler fail to meet this initial threshold. They assert no facts or legal arguments to support a finding that Defendants were acting under color of law or that their complaint is aimed at procuring a government action, result or outcome.

**B. Litigation Privilege**

Plaintiff and Defendant Folwer argue that Defendants' pleadings are barred by the litigation privilege found in subsection 2105(b) of title 19 of the Guam Code. Defendants' argue that the section is not applicable because their complaint alleges acts of fraud, which the Hawaii Supreme Court has found are an exception to the privilege.

Section 2105(b) states that communications made in any official proceeding which is

authorized by law are privileged. 19 GCA 2105(b). The Guam Supreme Court has consistently upheld the application of section 2105(b) to protect communications made in judicial and administrative proceedings. *Macris v. Richardson*, 2010 Guam 6 ¶¶ 31-4.

In this case Defendants assert three causes of action: count one, Plaintiff's fraud on the probate court for seeking the November 5, 2010 judgment; count two, Plaintiff's ordinary fraud or negligent misrepresentation for seeking the same judgment; count three, Plaintiff and Defendant Fowler's conspiratorial conduct under counts one and two. Defs.' Opp'n at 5. The facts asserted in Defendants' pleadings reveal that these causes of action arise out of statements made to the court in a probate proceeding. Defs.' Countercl. and 3rd Party Compl. Applying the facts of this matter to the protections of Section 2105(b) the court finds that Defendants' claims are based upon statements that are privileged.[2]

## C. Collateral Estoppel

Plaintiff and Defendant Fowler also argue that Defendants' pleadings are barred by the doctrine of collateral estoppel. Defendants oppose this argument by reasoning that their claims are not barred because they have not been decided on the merits. In 2004 the Supreme Court of Guam explained that,

> [w]ether the doctrine of collateral estoppel applies is determined by a three part test:
> (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine;
> (2) an examination of the record of the prior case to decide whether the issue was 'litigated' in the first case; and
> (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

---

[2] Based upon the arguments of the Defendants, the court is not persuaded that it would be prudent in this case to create the fraud exception prayed for by the Defendants. In 2003 the Guam Supreme Court explained that, "[w]hen the language of a statute is unambiguous, the analysis stops there." *Sky Enterprise v. Kobayashi*, 2003 Guam 5 ¶ 11.

*Guam v. Angoco*, 2004 Guam 11 ¶ 10. These three elements are not discussed or analyzed in Plaintiff and Defendant Fowler's dismissal request. Absent the movants setting forth their assertions and aruguments under the applicable standard the court is unable to address this issue. Guam .R. Civ. P. 7(b)(1); *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003)( A party's failure to assert the grounds for its request may warrant denial); *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008)(In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law).

**D. Standing**

Plaintiff and Defendant Fowler argue that Defendant Patrick Candoleta lacks standing to plead his counterclaims against them. In support of their argument they cite to two 19th Century California Supreme Court cases which prohibit the collateral attack of a non-party when it is not subject to such an attack by party to the suit.

Last month the Guam Supreme Court re-explained the appropriate legal test for standing. *Pia Marine Homeowners Assoc. v. Kinoshita Corp. Guam. Inc.*, 2013 Guam 6, ¶ 16. The elements to establish or challenge a parties standing are: (1) the suffering of an injury in fact which is: (a) particularized and concrete and (b) actual or imminent; (2) the injury must be reasonably related to the alleged cause of action of the defendant; and (3) likely that the injury can be redressed. *Id.* These three elements are not discussed or analyzed in Plaintiff and Defendant Fowler's dismissal request. Absent the movants setting forth their assertions and arguments under the applicable standard the court is unable to address this issue. Guam .R. Civ. P. 7(b)(1).

**E. Rule 12(b)(6) and 9(b)**

Plaintiff and Defendant Fowler request and argue that that Defendants' pleadings be dismissed for their failure to comply with rules 12(b)(6) and 9(b) of the Guam Rules of Civil procedure. Specifically they argue that Defendants have failed to plead their fraud counts with particularity. Defendants oppose this request and in response to Plaintiff's challenge they copy the relevant portions of their pleadings into their memorandum and declare that they are sufficient to establish causes of action of regular fraud and fraud upon the court. In reply, Plaintiff and Defendant Fowler cite to a 2010 U.S. 8th Circuit case. Reply at 9; *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873 (8th Cir. 2010).

Under Rule 12(b)(6), the facts in a pleading are presumed to be true, and the pleading is liberally construed in favor of the Plaintiff. *First Hawaiian Bank v. Manley*, 2007 Guam 2, ¶9. Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id.* A rule 12 (b)(6) motion tests only whether the claim has been adequately stated in the pleading, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the pleading, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). Thus, on a motion under Rule 12(b)(6), the court's inquiry is limited to the content of the pleading and the court should not dismiss the pleading merely because the court doubts the Plaintiff will prevail in the action, or that the possibility of ultimate recovery is remote. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). Should the pleading fail to state a claim under Rule 12(b)(6), as with a Rule 12(b)(1) motion, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment.

Ostrzenski v. Seigel, 177 F.3d 245, 252–53 (4th Cir.1999).

Rule 9(b) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Guam R. Civ. P. 9(b). In 2008 the Guam Supreme Court interpreting this rule held,

> Under the right conditions, a short plain statement can satisfy the requirement that fraud be plead with particularity. Official Form 21 in the Appendix to the Federal Rules of Civil Procedure makes a legally sufficient pleading of fraud in only one sentence: 'On date, defendant name conveyed all defendant's real and personal property if less than all, describe it fully to defendant name for the purpose of defrauding the plaintiff and hindering or delaying the collection of the debt.'

*Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 14. To accomplish this the *Taitano* court found that to successfully plead actual fraud a complaintant must plead facts with sufficient particularity to demonstrate the elements of fraud. *Id.* at 12. It held that "[t]he elements of fraud are: '(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damages ." *Id.* citing, *Hemlani v. Flaherty*, 2003 Guam 17 ¶ 9. Not considering or applying the privileges or legal defenses analyzed above, the court finds that on their face Defendants' pleadings survive the test for fraud pleading particularity. *Id.* Defendants' pleadings allege the names and the dates of the fraud, the persons who committed it, the content of the fraudulent communication and the damages they claim are the results.

**II. Defendants' Motion to Dismiss**

Defendants request that the protections of sections 17101-09 of title 7 of the Guam Code apply to their pleadings. Under analysis set forth in section (I)(A) of this order the court finds that Defendants have failed to assert the threshold facial requirement of this rule.

## III. Motion to Consolidate

Plaintiff and Defendant Fowler have requested that this case no. CV781-12 and case no. CV1048-12 be consolidated. In support of this request they assert that the pleadings in each are near identical, with the sole distinguishing factor being that CV1048-12 involves two different land transactions which are also alleged to have been fraudulent. Defendants filed a paper in opposition to this request. In it they indicate that Judge Lamorena must first be allowed to give leave to the motion to consolidate.

Rule 42(a) of the Guam Rules of Civil Procedure governs when a court may consolidate separately filed actions. Guam R. Civ. P. 42(a). It provides,

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*Id.* While Plaintiff and Defendant Fowler assert that case no. CV1048-12 contains common question of law these assertion are not supported by any papers, evidences or comparisons of the two pleading documents, upon which the court might make a finding that the requirements of rule 42 have been satisfied. Absent this the court is unable to grant the requested relief. cf *Bondoc v. Worker's Comp. Com'n*, 2000 Guam 6 ¶ 38. [3]

---

[3] Having found that Plaintiff and Defendant Fowler's initial motion was not sufficient, the motion to disregard Defendants' opposition to this motion is moot.

**CONCLUSION**

Based on the foregoing, the Plaintiff and Defendant Fowler's motions to dismiss Defendants' third-party complaint and motion to dismiss Defendants' counterclaim are granted. Defendants' motion to dismiss various motions by the opposing parties is denied. Plaintiff and Defend Fowler's motion to consolidate is temporarily denied, subject to their submitting an amended motion to consolidate within 14 days of the date of this order.

SO ORDERED, this _6_ day of _June_ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I hereby certify that this is a true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam
Dated at Hagåtña, Guam

JUN -6 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam